**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland (SBN 187314)
kristin.holland@kattenlaw.com
Janella T. Gholian (SBN 258155)
janella.gholian@kattenlaw.com
Robert J. Dwyer (SBN 288122)
robert.dwyer@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant
SCRIPPS NETWORKS INTERACTIVE, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> SCRIPPS NETWORKS INTERACTIVE, INC., an Ohio corporation; and DOES 1–50, inclusive, <br><br> Defendants. | Case No. CV13- 4229JAK (AJWx) <br><br> **NOTICE OF REMOVAL OF ACTION BY DEFENDANT SCRIPPS NETWORKS INTERACTIVE, INC. PURSUANT TO 28 U.S.C. §§ 1441(B) AND 1332** <br><br> **(DIVERSITY OF CITIZENSHIP)** |

COPY

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**
2  **AND ITS COUNSEL OF RECORD:**

3        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1441(b) and
4  1332, defendant Scripps Networks Interactive, Inc. ("SNI" or "Defendant"), an Ohio
5  corporation, removes to the United States District Court for the Central District of
6  California, Western Division, the state court action described below.   Removal is
7  based upon the following grounds:

8  **A.**    **Procedural Background.**

9        1.    On May 13, 2013, plaintiff William Morris Endeavor Entertainment,
10  LLC ("Plaintiff") filed a complaint against SNI in the Superior Court of the State of
11  California for Los Angeles County, Santa Monica division (the "State Court Action").
12  The complaint is captioned *William Morris Endeavor Entertainment, LLC v. Scripps*
13  *Networks Interactive, Inc.*, Case No. SC120710, and has been assigned to the
14  Honorable Allan J. Goodman.   Plaintiff served Defendant on May 20, 2013, with a
15  copy of the Complaint and Summons (the "Complaint"), Civil Case Cover Sheet,
16  Civil Cover Sheet Addendum and Statement of Location, Notice of Case Assignment
17  to Individual Calendar Court, and Alternative Dispute Resolution (ADR) Information
18  Package.   True and correct copies of the Complaint and accompanying documents are
19  attached hereto as <u>Exhibit A</u>.

20        2.    Plaintiff filed a First Amended Complaint on May 24, 2013, which was
21  served on SNI on May 30, 2013.   A true and correct copy of the First Amended
22  Complaint is  attached to this Notice as <u>Exhibit B</u>.

23        3.    At the time of this removal, SNI has not answered or otherwise
24  responded to the Complaint or the First Amended Complaint and does not believe that
25  any further proceedings have occurred in the State Court Action.

26        4.    There is a case management conference scheduled for September 3, 2013
27  in the State Court Action.

28  / / /

**B.**   **Jurisdictional Statement.**

5.   This Action may be removed to this Court by SNI, pursuant to 28 U.S.C. section 1441(b), because this Court has original diversity jurisdiction over this action under 28 U.S.C. section 1332 because, as set forth below, Plaintiff and Defendant are diverse from each other and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6.   Citizenship of the Parties:  The requisite diversity exists between Plaintiff and Defendant.  28 U.S.C. § 1332(a)(1).

a.   Plaintiff is a citizen of California.  Plaintiff is a Delaware limited liability company ("LLC") with its principal place of business in California.  (See Compl., ¶ 1.) For diversity purposes, a limited liability company is deemed to be a citizen of every state of which its members are citizens.  See Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant has researched the membership of Plaintiff's LLC to determine in which state its members are citizens, and has found no information indicating that Plaintiff is a citizen of Ohio or Tennessee.[1]

b.   Defendant SNI is a citizen of Ohio and Tennessee.  SNI is a corporation incorporated in Ohio and with its principal place of business in Tennessee. (See Compl., ¶ 2.)  A corporation is "deemed a citizen of any State by which is has been incorporated and the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1); see also, Johnson, 437 F.3d at 899.

---

[1] SNI also researched public documents and found no indication that any members of Plaintiff LLC are citizens of Ohio or Tennessee.  (Declaration of Robert J. Dwyer ("Dwyer Decl.") ¶¶ 2–5.)  SNI also researched public filings and found two cases in which an action involving Plaintiff was removed to federal court: (1) Zamora Entertainment, Inc., et al. v. William Morris Endeavor Entertainment, LLC, et al., No. 2:09-cv-08727-VBF-CT (S.D. Iowa 2009); and (2) Hargitay v. William Morris Endeavor Entertainment, LLC, No. 1:11-cv-03258-CM (S.D.N.Y. 2011).  (Id. ¶¶ 3, 5; see SNI's Req. for Judicial Notice Exhs. A, B.)  A review of the documents filed in these cases yielded that Plaintiff was at those times a citizen of Delaware and California, (SNI's Req. for Judicial Notice Exh. A at 2:6, 3:13; id., Exh. B at 1–2), and there is no indication that any members of Plaintiff's LLC are citizens of Ohio or Tennessee, (Dwyer Decl. ¶¶ 2–5; SNI's Req. for Judicial Notice Exhs. A, B.).

c.    "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Plaintiff has not identified any DOE defendants. Accordingly, the DOE defendants must be disregarded for the purposes of assessing the propriety of removal of this action.

d.    Because Plaintiff is a citizen of California, while SNI is a citizen of Ohio and Tennessee, there is complete diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b).

e.    <u>Amount in Controversy</u>. While SNI denies that Plaintiff is entitled to any damages, the First Amended Complaint alleges an amount in controversy in excess of the jurisdictional amount of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff alleges that it has suffered damages in excess of $500,000 in connection with the allegations in the First Amended Complaint. (Compl., ¶¶ 22, 26, 29.) Therefore, the amount in controversy exceeds $75,000.00 exclusive of interests and costs. 28 U.S.C. § 1332(a).

**C.**   **Removal Procedure.**

7.    SNI has complied with 28 U.S.C. section 1446(a) by attaching hereto as Exhibit A all process, pleadings, and orders received in the state court action.

8.    This Notice of Removal ("Notice") is timely pursuant to 28 U.S.C. section 1446(b) because it is filed within 30 days of SNI's receipt of the initial pleading. "Receipt" of the Complaint means proper service as required by state law. *See Murphy Bros., Inc. v. Michettis Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). SNI was served with the Complaint on May 20, 2013. SNI files this Notice on June 11, 2013, within the 30-day deadline provided by 28 U.S.C. section 1446(b).

9.    SNI will promptly give written notice of this Notice to Plaintiff and will file a copy of this Notice with the clerk of the Superior Court for the County of Los Angeles, as required by 28 U.S.C. section 1446(d).

/ / /

/ / /

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**D.**   **Venue**

10.   The United States District Court for the Central District of California, Western Division, is the District and division embracing the place where the State Court Action is pending (*i.e.,* Los Angeles County).   28 U.S.C. § 1441(a). (*See* Exhibit A.)  Thus, venue is proper, although inconvenient.  28 U.S.C. § 1404(a).

11.   SNI reserves the right to promptly move to transfer this action to a more convenient federal court forum.  28 U.S.C. § 1404(a).

WHEREFORE, SNI prays that the above action, formerly pending against it in the Superior Court of the State of California for the County of Los Angeles, be removed to this Court.

Respectfully submitted,

Dated: June 12, 2013

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland
Janella T. Gholian
Robert J. Dwyer

By: _____
       Kristin L. Holland
Attorneys for Defendant
SCRIPPS NETWORKS INTERACTIVE, INC.

4
DEFENDANT'S NOTICE OF REMOVAL OF ACTION

EXHIBIT A

# Exhibit A

1  Michael B. Garfinkel, State Bar No. 156010
   MGarfinkel@perkinscoie.com
2  Oliver M. Gold, State Bar No. 279033
   OGold@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
4  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.788.3399

6  Attorneys for Plaintiff WILLIAM MORRIS
   ENDEAVOR ENTERTAINMENT, LLC
7

**Conformed**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 3 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
Nelly Valles

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10                                              SC120710

11 WILLIAM MORRIS ENDEAVOR        No.
   ENTERTAINMENT, LLC, a Delaware
12 limited liability company,       **COMPLAINT FOR:**

13              Plaintiff,          **(1) BREACH OF CONTRACT;**

14        v.                        **(2) QUANTUM MERUIT;**

15 SCRIPPS NETWORKS INTERACTIVE,    **(3) UNJUST ENRICHMENT;**
   INC., an Ohio corporation; and DOES 1–
16 50, inclusive,                   **(4) ACCOUNTING; AND**

17              Defendants.         **(5) DECLARATORY RELIEF**

18

19                                  *DEMAND FOR JURY TRIAL*

20

21

22

23

24

25

26

27

28
                                    COMPLAINT

Ex. A-5

Plaintiff William Morris Endeavor Entertainment, LLC ("WME" or "Plaintiff") alleges as follows:

### INTRODUCTION

1.     In this commission dispute between plaintiff WME and defendant Scripps Networks Interactive, Inc., as successor-in-interest to Travel Channel International Limited ("Travel Channel" or "Defendant"), Plaintiff seeks damages, restitution, an accounting, and declaratory relief in connection with commissions owed to it by way of that certain Production Agreement (as defined below) with Travel Channel pertaining to the television series entitled *Ghost Adventures* ("Ghost Adventures"), which is currently in its seventh season. Beginning in May 2009 and continuing to the present, Travel Channel has failed to pay to WME the standard package commission due and owing to it, and has failed to provide a full accounting for Ghost Adventures to WME, for which it is entitled and despite several requests for the same.

### PARTIES

1.     Plaintiff William Morris Endeavor Entertainment, LLC is a Delaware limited liability company with its principal place of business in the County of Los Angeles, State of California. William Morris Endeavor Entertainment, LLC is the successor-in-interest to William Morris Agency, LLC which, at all times relevant hereto, was also a Delaware limited liability company, with its principal place of business in the County of Los Angeles, State of California. William Morris Agency, LLC and William Morris Endeavor Entertainment, LLC shall be collectively referred to herein as "WME."

2.     Plaintiff is informed and believes, and on that basis alleges, that defendant Scripps Networks Interactive, Inc. is an Ohio corporation with its principal place of business in the City of Knoxville, County of Knox, State of Tennessee. Plaintiff is further informed and believes, and on that basis alleges, that on or about March 22, 2012, Scripps Networks Interactive, Inc. acquired Travel Channel Limited for approximately $103 million, and therefore, steps into its shoes as the owner of the entity.

3.     Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 50, inclusive, and will amend this complaint to allege

-2-                                                        COMPLAINT

Ex. A-6

1   the same as soon as ascertained. Plaintiff is informed and believes and on that basis alleges, that

2   each of the fictitiously-named defendants is responsible in some manner for the occurrences

3   referred to herein, and caused injury and damages directly and proximately thereby to Plaintiff as

4   herein alleged, either through their conduct or through the conduct of their agents and/or servants

5   and/or employees.

6       4.      Plaintiff is informed and believes and on that basis alleges, that each of the

7   defendants was, at all times mentioned in this complaint, acting as the agent, employee, or alter-

8   ego of every other defendant, and in doing the things mentioned herein, was acting within the

9   course and scope of such agency, employment, or other relationship, and with full knowledge and

10  consent of each of the other defendants.

11                      *JURISDICTION AND VENUE*

12      5.      This Court has jurisdiction over this action pursuant to the California Constitution,

13  Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except

14  those given by statute to other courts." The statutes under which this action is brought do not

15  specify any other basis for jurisdiction.

16      6.      This Court has jurisdiction over Defendant because, upon information and belief,

17  Defendant has sufficient minimum contacts in California and has intentionally availed itself of the

18  California market so as to render the exercise of jurisdiction over it by the California courts

19  consistent with traditional notions of fair play and substantial justice.

20      7.      Venue is proper in this Court because, upon information and belief, the

21  negotiations between Plaintiff and Defendant pertaining to WME's commissions for Ghost

22  Adventures, the parties' correspondence, which memorialize that agreement, and the obligations

23  of that agreement each took place in or were to be performed in the County of Los Angeles.

24  Venue is further proper because Travel Channel maintains an office and transacts business in the

25  County of Los Angeles.

26                      *GENERAL ALLEGATIONS*

27      8.      WME was the agent for MY Tupelo Entertainment ("MYE"), the producers of

28  Ghost Adventures, in connection with its production agreement with Defendant (the "Production

COMPLAINT

1   Agreement"). Beginning in February 2008, individuals from WME had specific conversations

2   with Travel Channel's then Senior Vice President of Commercial Affairs & Operations, Jonathan

3   Sichel, regarding WME's package commission.

4        9.    At the conclusion of those conversations, Mr. Sichel, on behalf of Travel Channel,

5   expressly agreed to WME's standard package commission. On or about March 26, 2008, Travel

6   Channel placed an eight-episode order for Ghost Adventures.

7        10.    Following this, on or about April 29, 2008, the Senior Vice President and

8   Worldwide Head of Television Business Affairs at WME spoke with Mr. Sichel to confirm the

9   terms of WME's package commission, which, as set forth in the letter dated April 29, 2008 (the

10   "Confirmation Letter"), provided that Travel Channel would pay to Plaintiff "3% of 100% of the

11   final production budget or cost of production, whichever is greater, 3% of such production budget

12   or cost of production payable out of 50% of 100% of net proceeds, and 10% of the back-end

13   proceeds based on [WME's] clients' most favorable definition." A true and correct copy of the

14   Confirmation Letter is attached hereto as *Exhibit A*.

15        11.    On or about May 5, 2008, Mr. Sichel responded to the Confirmation Letter and

16   confirmed the package agreement with WME in writing, and noted that Travel Channel was

17   agreeable to the idea of packaging fees based on the agreement with WME.

18        12.    On or about May 15, 2008, Rex Recka, Vice President of Business Affairs &

19   Partnerships for Travel Channel sent an email to WME in which he confirmed that all deal points

20   for the commissioning of Ghost Adventures had been reached and agreed to pay WME its

21   package commission on Ghost Adventures. However, Mr. Recka also questioned the terms of the

22   package commission, as set forth in the Confirmation Letter.

23        13.    In response to Mr. Recka's concerns, on or about June 5, 2008, WME sent Travel

24   Channel a letter (the "Reconfirmation Letter"), which reiterated that the prior Confirmation Letter

25   set forth WME's "standard package commission structure for all projects of this nature,

26   irrespective of the studio or network." The Reconfirmation Letter further recounted WME's

27   meeting with Mr. Sichel earlier in the year, during which time the standard package commission

28

-4-

COMPLAINT

1  structure for Ghost Adventures was discussed, and that Mr. Sichel agreed to those terms.  A true

2  and correct copy of the Reconfirmation Letter is attached hereto as *Exhibit B*.

3         14.    As of the date of this filing, no individual or representative of Travel Channel has

4  refuted the contents of the Reconfirmation Letter.

5         15.    Travel Channel affirmed its acceptance of the terms of WME's package

6  commission for Ghost Adventures, as set forth in the Confirmation Letter, by partially performing

7  on that agreement.  On or about August 12, 2008, Travel Channel paid the upfront portion of the

8  package commission on the first season of Ghost Adventures by including as a line-item expense,

9  which was then remitted by MYE to WME, payment in the amount of $45,656.00, which

10  reflected the 3% packaging commission due on eight episodes of Ghost Adventures (the "First

11  Commission Payment").

12        16.    Following its receipt of the First Commission Payment, WME has not received

13  any additional upfront commissions for the subsequent seasons of Ghost Adventures or associated

14  specials from Travel Channel.  Additionally, WME has not received any statement from Travel

15  Channel calculating the upfront, deferred, or backend package commission due and owing to

16  WME pursuant to the parties' agreement.

17        17.    WME is informed and believes, and thereupon alleges, that after the first season of

18  Ghost Adventures, Travel Channel, without explanation, ceased including WME's upfront

19  commission payments in the show's budget and, therefore, MYE has not remitted such payments

20  to WME.

21        18.    On or about May 12, 2009, a representative of MYE contacted WME and notified

22  it that, despite it having previously paid WME its package commission fee for the first season of

23  Ghost Adventures, MYE had subsequently been informed by Travel Channel that no arrangement

24  with WME, which would entitle it to its package commission structure, had been reached.

### FIRST CAUSE OF ACTION

#### (Breach of Contract)

27        19.    WME repeats and realleges each of the allegations set forth in paragraphs 1

28  through 18, above, and the same are incorporated herein by this reference.

COMPLAINT

20.     WME has fully performed each of the promises, covenants and conditions to be performed by it under the Production Agreement and the parties' understanding as confirmed by the Confirmation Letter and the First Commission Payment, except to the extent such performance was prevented or excused by Travel Channel.

21.     Travel Channel breached the Production Agreement and the parties' understanding as confirmed by the Confirmation Letter, by failing and refusing to pay WME commissions in accordance therewith, and by denying the existence of any agreement by which WME was entitled to its standard package commission fee.

22.     By reason of the foregoing, WME has been damaged and will be damaged in a sum WME is informed and believes is in excess of $500,000, together with interest thereon at the legal rate from the date each payment became or becomes due.

## SECOND CAUSE OF ACTION

### (Quantum Meruit)

23.     WME repeats and realleges each of the allegations set forth in paragraphs 1 through 22, above, and the same are incorporated herein by this reference.

24.     Travel Channel has become indebted to WME for work, labor, and services rendered by WME as the talent agency for MYE, the producers of Travel Channel's hit television show, Ghost Adventures.

25.     WME is entitled to receive its standard package commission fee for each season of Ghost Adventures, commencing with season two and extending throughout the life of the program, based on the following calculation: (1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3% of such production budget or cost of production payable out of 50% of 100% of net proceeds; and (3) 10% of the back-end proceeds based on MYE's most favorable definition, as was agreed-upon by WME and Travel Channel, and pursuant to which, Travel Channel partially performed by paying WME's commission for season one of Ghost Adventures in conformity therewith.

Ex. A-10

26.     As a direct result of Travel Channel's failure and refusal to pay WME for work, labor, and services rendered, WME has been damaged in a sum of no less than $500,000, plus interest at the legal rate.

### THIRD CAUSE OF ACTION

#### (Unjust Enrichment)

27.     WME repeats and realleges each of the allegations set forth in paragraphs 1 through 26, above, and the same are incorporated herein by this reference.

28.     Travel Channel has become indebted to WME for work, labor and services rendered by WME as MYE's talent agency, which negotiated the Production Agreement with Travel Channel for the hit television program, Ghost Adventures, which is currently in its seventh season.

29.     As a proximate result of the aforementioned acts and conduct, Travel Channel has been unjustly enriched to the detriment of WME in sum of no less than $500,000, plus interest at the legal rate.

### FOURTH CAUSE OF ACTION

#### (Accounting)

30.     WME repeats and realleges each of the allegations set forth in paragraphs 1 through 29, above, and the same are incorporated herein by this reference.

31.     WME is entitled to an accounting of the gross compensation received, and to be received, by Travel Channel and by MYE, in connection with Ghost Adventures directly or indirectly under the Production Agreement, but Travel Channel has failed to provide any such accounting.

32.     Demand is hereby made for such an accounting.

33.     An accounting is required to determine the total amount of Travel Channel and MYE's compensation and the exact amount of commissions that are due and owing to WME.

Ex. A-11

*FIFTH CAUSE OF ACTION*

*(Declaratory Relief)*

34.    WME repeats and realleges each of the allegations set forth in paragraphs 1 through 33, above, and the same are incorporated herein by this reference.

35.    An actual controversy has arisen and now exists between WME, on the one hand, and Travel Channel, on the other hand, regarding package commissions due in connection with the television series, Ghost Adventures, now in its seventh season on Travel Channel.  WME contends and Travel Channel denies that Travel Channel is obligated to pay WME its standard package commission fee for seasons two through the life of the program, based on the following calculation: (1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3% of such production budget or cost of production payable out of 50% of 100% of net proceeds; and (3) 10% of the back-end proceeds based on MYE's most favorable definition, as was agreed-upon by and between WME and Travel Channel, and pursuant to which, Travel Channel partially performed.

36.    WME desires a determination of its rights and a declaration that it is entitled to such commissions.

37.    A declaration is necessary and appropriate at this time under all of the circumstances so that WME and Travel Channel may determine their current and prospective rights and liabilities with regard to the commissions.

*PRAYER FOR RELIEF*

WHEREFORE, WME prays for and requests relief as follows:

1.    That WME be awarded the balance of the commissions due in an amount equal to: (1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3% of such production budget or cost of production payable out of 50% of 100% of net proceeds; and (3) 10% of the back-end proceeds based on MYE's most favorable definition, for each season of Ghost Adventures, commencing with season two and extending throughout the life of the program;

Ex. A-12

2.     An Order declaring that WME is entitled to commissions in an amount equal to:
(1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3%
of such production budget or cost of production payable out of 50% of 100% of net proceeds; and
(3) 10% of the back-end proceeds based on MYE's most favorable definition, for each season of
Ghost Adventures, commencing with season two and extending throughout the life of the
program;

3.     That WME be provided with a written accounting with respect to the
compensation received by Travel Channel and MYE, directly or indirectly, in connection with
Ghost Adventures;

4.     For pre-judgment interest;

5.     For the costs of action incurred herein; and

6.     For such other and further relief as the Court may deem just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff William Morris Endeavor Entertainment, LLC requests a trial by jury.

DATED: May 10, 2013.                    **PERKINS COIE** LLP

By: _____
        Michael B. Garfinkel

Attorneys for Plaintiff
WILLIAM MORRIS ENDEAVOR
ENTERTAINMENT, LLC

Conformed

| SHORT TITLE: William Morris Endeavor, et al. v. Scripps Networks, et al. | CASE NUMBER SC120710 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Ex. A-14

| SHORT TITLE: William Morris Endeavor, et al. v. Scripps Networks, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Ex. A-15

| SHORT TITLE: William Morris Endeavor, et al. v. Scripps Networks, et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Ex. A-16

| SHORT TITLE: William Morris Endeavor, et al. v. Scripps Networks, et al. | CASE NUMBER |
| --- | --- |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 151 El Camino Drive |
| --- | --- |
| ☑1. ☑2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Beverly Hills | STATE: CA | ZIP CODE: 90212 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Santa Monica_ courthouse in the _West_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _May 17, 2013_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Ex. A-17

# SUMMONS **Conformed.**
**SUM-100**

## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** SCRIPPS NETWORKS INTERACTIVE,
*(AVISO AL DEMANDADO):* INC., an Ohio corporation;

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 3 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
Nelly Valles

**YOU ARE BEING SUED BY PLAINTIFF:** WILLIAM MORRIS ENDEAVOR
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ENTERTAIMENT, LLC,
a Delaware limited liability company,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
1725 Main Street

Santa Monica, CA 90401

**CASE NUMBER:**
*(Número del Caso):*
SC120710

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael B. Garfinkel (156010)                     (310) 788-9900   (310) 788-3399
Perkins Coie LLP
1888 Century Park East                                 *N. VALLES*
Los Angeles, CA 90067

DATE: **MAY 1 3 2013**                  Clerk, by _____, Deputy
*(Fecha)*                                      *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Ex. A-18

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Michael B. Garfinkel (156010)    **Conformed**
Perkins Coie LLP
1888 Century Park East
Suite 1700
Los Angeles, CA  90067
   TELEPHONE NO.: (310) 788-9900    FAX NO.: (310) 788-3399
ATTORNEY FOR *(Name)*: Plaintiff William Morris Endeavor Entertainment, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
   STREET ADDRESS: 1725 Main Street
   MAILING ADDRESS:
   CITY AND ZIP CODE: Santa Monica, CA  90401
   BRANCH NAME: West District

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 3 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
Nelly Valles

| CASE NAME: William Morris Endeavor Entertainment, LLC, et al. v. Scripps Networks Interactive, Inc. et al. | CASE NUMBER: SC120710 |
|---|---|

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | SC120710 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:
Michael B. Garfinkel (156010)    ▶    _____
   (TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                         Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

Ex. A-19

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                          **CIVIL CASE COVER SHEET**                          Page 2 of 2

Ex. A-20

SC120710

CASE NO. _____

## NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

ALLAN J. GOODMAN    8/28/13     Department: _____ P
8:30 AM

☐    Santa Monica Courthouse
       1725 Main Street
       Santa Monica, CA 90401

☐    Judge Richard A. Stone
       Beverly Hills Courthouse
       Department WE-X
       9355 Burton Way
       Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. **The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties** in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. **Proof of service must be brought to the hearing if not previously filed.** Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

Ex. A-21

**TIME STANDARDS:** Cases will be subject to processing under the following time standards:

COMPLAINTS: All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint. The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed. (CRC 3.110(b).)

CROSS-COMPLAINTS: No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court. Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action. (CRC 3.110(c).)

**APPLICABLE RULES:** Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 3 Civil Division Rules, and California Rules of Court relating to civil case management. These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:** A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party. (Local Rule 2.5(a).)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, **the parties must meet and confer**, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1) Resolving any discovery disputes and setting a discovery schedule;

(2) Identifying and, if possible, informally resolving any anticipated motions;

(3) Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4) Identifying the facts and issues in the case that are in dispute;

(5) Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6) Determining whether settlement is possible;

(7) Discuss type of mediation counsel and parties prefer;

(8) Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(9) Other relevant matters.

Ex. A-22

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case.  In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases (see CRC 3.300);

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:** The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines.  Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules.  Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

LISA HART COLE, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -1/8/13

-4-

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

 **Cases for Which Arbitration May Be Appropriate**
 Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

 **Cases for Which Arbitration May Not Be Appropriate**
 If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

 **Cases for Which Mediation May Be Appropriate**
 Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

 **Cases for Which Mediation May Not Be Appropriate**
 Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

 **Cases for Which Neutral Evaluation May Be Appropriate**
 Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

 **Cases for Which Neutral Evaluation May Not Be Appropriate**
 Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| | | |
|---|---|---|
| LAADR 005 (Rev. 01-12)<br>LASC Adopted 10-03<br>For Mandatory Use | **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION** | Cal. Rules of Court, rule 3.221<br>Page 1 of 2 |

Ex. A-25

# COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**   The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

**Random Select Panel**   The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

Ex. A-26

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

Ex. A-27

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Ex. A-29

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➤ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR _____)
Date:

_____    ➤ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR _____)
Date:

_____    ➤ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11    **STIPULATION – EARLY ORGANIZATIONAL MEETING**    Page 2 of 2

Ex. A-30

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

**STIPULATION – DISCOVERY RESOLUTION**

CASE NUMBER:

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

Ex. A-31

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
       (TYPE OR PRINT NAME)

Date: _____

_____
       (TYPE OR PRINT NAME)

Date: _____

_____
       (TYPE OR PRINT NAME)

Date: _____

_____
       (TYPE OR PRINT NAME)

Date: _____

_____
       (TYPE OR PRINT NAME)

Date: _____

_____
       (TYPE OR PRINT NAME)

Date: _____

_____
       (TYPE OR PRINT NAME)

➤ _____
       (ATTORNEY FOR PLAINTIFF)

➤ _____
       (ATTORNEY FOR DEFENDANT)

➤ _____
       (ATTORNEY FOR DEFENDANT)

➤ _____
       (ATTORNEY FOR DEFENDANT)

➤ _____
       (ATTORNEY FOR _____)

➤ _____
       (ATTORNEY FOR _____)

➤ _____
       (ATTORNEY FOR _____)

Ex. A-34

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)              **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11        (pursuant to the Discovery Resolution Stipulation of the parties)

Ex. A-35

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):<br><br>FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Ex. A-37

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤ _____
            (TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
            (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
            (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
            (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
            (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤ _____
            (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤ _____
            (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                                              JUDICIAL OFFICER

EXHIBIT B

**EXHIBIT B**

# Exhibit B

1  Michael B. Garfinkel, State Bar No. 156010
   MGarfinkel@perkinscoie.com
2  Oliver M. Gold, State Bar No. 279033
   OGold@perkinscoie.com
3  **PERKINS COIE LLP**
   1888 Century Park E., Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.788.3399

6  Attorneys for Plaintiff WILLIAM MORRIS
   ENDEAVOR ENTERTAINMENT, LLC

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10

11  WILLIAM MORRIS ENDEAVOR          No. SC120710
    ENTERTAINMENT, LLC, a Delaware
12  limited liability company,        **FIRST AMENDED COMPLAINT**
                                       **COMPLAINT FOR:**
13                Plaintiff,
                                       **(1) BREACH OF CONTRACT;**
14        v.                           **(2) QUANTUM MERUIT;**
                                       **(3) UNJUST ENRICHMENT;**
15  SCRIPPS NETWORKS INTERACTIVE,      **(4) ACCOUNTING; AND**
    INC., an Ohio corporation; and DOES 1–  **(5) DECLARATORY RELIEF**
16  50, inclusive,

17                Defendants.          *DEMAND FOR JURY TRIAL*

18

19

20

21

22

23

24

25

26

27

28

76715-0036/LEGAL26828957.1                    FIRST AMENDED COMPLAINT

CALENDARED

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 24 2013

John A. Clarke, Executive Officer/Clerk
By: Andre Williams, Deputy

Conformed

1         Plaintiff William Morris Endeavor Entertainment, LLC ("WME" or "Plaintiff") alleges as

2  follows:

3                                   ***INTRODUCTION***

4         1.      In this commission dispute between plaintiff WME and defendant Scripps

5  Networks Interactive, Inc., as successor-in-interest to Travel Channel International Limited

6  ("Travel Channel" or "Defendant"), Plaintiff seeks damages, restitution, an accounting, and

7  declaratory relief in connection with commissions owed to it by way of that certain Production

8  Agreement (as defined below) with Travel Channel pertaining to the television series entitled

9  *Ghost Adventures* ("Ghost Adventures"), which is currently in its seventh season. Beginning in

10  May 2009 and continuing to the present, Travel Channel has failed to pay to WME the standard

11  package commission due and owing to it, and has failed to provide a full accounting for Ghost

12  Adventures to WME, for which it is entitled and despite several requests for the same.

13                                   ***PARTIES***

14         1.      Plaintiff William Morris Endeavor Entertainment, LLC is a Delaware limited

15  liability company with its principal place of business in the County of Los Angeles, State of

16  California. William Morris Endeavor Entertainment, LLC is the successor-in-interest to William

17  Morris Agency, LLC which, at all times relevant hereto, was also a Delaware limited liability

18  company, with its principal place of business in the County of Los Angeles, State of California.

19  William Morris Agency, LLC and William Morris Endeavor Entertainment, LLC shall be

20  collectively referred to herein as "WME."

21         2.      Plaintiff is informed and believes, and on that basis alleges, that defendant Scripps

22  Networks Interactive, Inc. is an Ohio corporation with its principal place of business in the City

23  of Knoxville, County of Knox, State of Tennessee. Plaintiff is further informed and believes, and

24  on that basis alleges, that on or about March 22, 2012, Scripps Networks Interactive, Inc.

25  acquired Travel Channel Limited for approximately $103 million, and therefore, steps into its

26  shoes as the owner of the entity.

27         3.      Plaintiff is ignorant of the true names or capacities of the defendants sued herein

28  under the fictitious names DOES 1 through 50, inclusive, and will amend this complaint to allege

Ex. B-40

1  the same as soon as ascertained. Plaintiff is informed and believes and on that basis alleges, that

2  each of the fictitiously-named defendants is responsible in some manner for the occurrences

3  referred to herein, and caused injury and damages directly and proximately thereby to Plaintiff as

4  herein alleged, either through their conduct or through the conduct of their agents and/or servants

5  and/or employees.

6      4.    Plaintiff is informed and believes and on that basis alleges, that each of the

7  defendants was, at all times mentioned in this complaint, acting as the agent, employee, or alter-

8  ego of every other defendant, and in doing the things mentioned herein, was acting within the

9  course and scope of such agency, employment, or other relationship, and with full knowledge and

10  consent of each of the other defendants.

## *JURISDICTION AND VENUE*

12      5.    This Court has jurisdiction over this action pursuant to the California Constitution,

13  Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except

14  those given by statute to other courts." The statutes under which this action is brought do not

15  specify any other basis for jurisdiction.

16      6.    This Court has jurisdiction over Defendant because, upon information and belief,

17  Defendant has sufficient minimum contacts in California and has intentionally availed itself of the

18  California market so as to render the exercise of jurisdiction over it by the California courts

19  consistent with traditional notions of fair play and substantial justice.

20      7.    Venue is proper in this Court because, upon information and belief, the

21  negotiations between Plaintiff and Defendant pertaining to WME's commissions for Ghost

22  Adventures, the parties' correspondence, which memorialize that agreement, and the obligations

23  of that agreement each took place in or were to be performed in the County of Los Angeles.

24  Venue is further proper because Travel Channel maintains an office and transacts business in the

25  County of Los Angeles.

## *GENERAL ALLEGATIONS*

27      8.    WME was the agent for MY Tupelo Entertainment ("MYE"), the producers of

28  Ghost Adventures, in connection with its production agreement with Defendant (the "Production

76715-00361/LEGAL26828957.1           -3-                FIRST AMENDED COMPLAINT

1  Agreement"). Beginning in February 2008, individuals from WME had specific conversations
2  with Travel Channel's then Senior Vice President of Commercial Affairs & Operations, Jonathan
3  Sichel, regarding WME's package commission.

4      9.    At the conclusion of those conversations, Mr. Sichel, on behalf of Travel Channel,
5  expressly agreed to WME's standard package commission. On or about March 26, 2008, Travel
6  Channel placed an eight-episode order for Ghost Adventures.

7      10.    Following this, on or about April 29, 2008, the Senior Vice President and
8  Worldwide Head of Television Business Affairs at WME spoke with Mr. Sichel to confirm the
9  terms of WME's package commission, which, as set forth in the letter dated April 29, 2008 (the
10  "Confirmation Letter"), provided that Travel Channel would pay to Plaintiff "3% of 100% of the
11  final production budget or cost of production, whichever is greater, 3% of such production budget
12  or cost of production payable out of 50% of 100% of net proceeds, and 10% of the back-end
13  proceeds based on [WME's] clients' most favorable definition." A true and correct copy of the
14  Confirmation Letter is attached hereto as *Exhibit A.*

15      11.    On or about May 5, 2008, Mr. Sichel responded to the Confirmation Letter and
16  confirmed the package agreement with WME in writing, and noted that Travel Channel was
17  agreeable to the idea of packaging fees based on the agreement with WME.

18      12.    On or about May 15, 2008, Rex Recka, Vice President of Business Affairs &
19  Partnerships for Travel Channel sent an email to WME in which he confirmed that all deal points
20  for the commissioning of Ghost Adventures had been reached and agreed to pay WME its
21  package commission on Ghost Adventures. However, Mr. Recka also questioned the terms of the
22  package commission, as set forth in the Confirmation Letter.

23      13.    In response to Mr. Recka's concerns, on or about June 5, 2008, WME sent Travel
24  Channel a letter (the "Reconfirmation Letter"), which reiterated that the prior Confirmation Letter
25  set forth WME's "standard package commission structure for all projects of this nature,
26  irrespective of the studio or network." The Reconfirmation Letter further recounted WME's
27  meeting with Mr. Sichel earlier in the year, during which time the standard package commission
28

76715-0036/LEGAL26828957.1          -4-          FIRST AMENDED COMPLAINT

1   structure for Ghost Adventures was discussed, and that Mr. Sichel agreed to those terms.  A true

2   and correct copy of the Reconfirmation Letter is attached hereto as *Exhibit B*.

3       14.   As of the date of this filing, no individual or representative of Travel Channel has

4   refuted the contents of the Reconfirmation Letter.

5       15.   Travel Channel affirmed its acceptance of the terms of WME's package

6   commission for Ghost Adventures, as set forth in the Confirmation Letter, by partially performing

7   on that agreement.  On or about August 12, 2008, Travel Channel paid the upfront portion of the

8   package commission on the first season of Ghost Adventures by including as a line-item expense,

9   which was then remitted by MYE to WME, payment in the amount of $45,656.00, which

10  reflected the 3% packaging commission due on eight episodes of Ghost Adventures (the "First

11  Commission Payment").

12      16.   Following its receipt of the First Commission Payment, WME has not received

13  any additional upfront commissions for the subsequent seasons of Ghost Adventures or associated

14  specials from Travel Channel.  Additionally, WME has not received any statement from Travel

15  Channel calculating the upfront, deferred, or backend package commission due and owing to

16  WME pursuant to the parties' agreement.

17      17.   WME is informed and believes, and thereupon alleges, that after the first season of

18  Ghost Adventures, Travel Channel, without explanation, ceased including WME's upfront

19  commission payments in the show's budget and, therefore, MYE has not remitted such payments

20  to WME.

21      18.   On or about May 12, 2009, a representative of MYE contacted WME and notified

22  it that, despite it having previously paid WME its package commission fee for the first season of

23  Ghost Adventures, MYE had subsequently been informed by Travel Channel that no arrangement

24  with WME, which would entitle it to its package commission structure, had been reached.

### FIRST CAUSE OF ACTION

*(Breach of Contract)*

27      19.   WME repeats and realleges each of the allegations set forth in paragraphs 1

28  through 18, above, and the same are incorporated herein by this reference.

20. WME has fully performed each of the promises, covenants and conditions to be performed by it under the Production Agreement and the parties' understanding as confirmed by the Confirmation Letter and the First Commission Payment, except to the extent such performance was prevented or excused by Travel Channel.

21. Travel Channel breached the Production Agreement and the parties' understanding as confirmed by the Confirmation Letter, by failing and refusing to pay WME commissions in accordance therewith, and by denying the existence of any agreement by which WME was entitled to its standard package commission fee.

22. By reason of the foregoing, WME has been damaged and will be damaged in a sum WME is informed and believes is in excess of $500,000, together with interest thereon at the legal rate from the date each payment became or becomes due.

## SECOND CAUSE OF ACTION

### (Quantum Meruit)

23. WME repeats and realleges each of the allegations set forth in paragraphs 1 through 22, above, and the same are incorporated herein by this reference.

24. Travel Channel has become indebted to WME for work, labor, and services rendered by WME as the talent agency for MYE, the producers of Travel Channel's hit television show, Ghost Adventures.

25. WME is entitled to receive its standard package commission fee for each season of Ghost Adventures, commencing with season two and extending throughout the life of the program, based on the following calculation: (1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3% of such production budget or cost of production payable out of 50% of 100% of net proceeds; and (3) 10% of the back-end proceeds based on MYE's most favorable definition, as was agreed-upon by WME and Travel Channel, and pursuant to which, Travel Channel partially performed by paying WME's commission for season one of Ghost Adventures in conformity therewith.

26.   As a direct result of Travel Channel's failure and refusal to pay WME for work, labor, and services rendered, WME has been damaged in a sum of no less than $500,000, plus interest at the legal rate.

### THIRD CAUSE OF ACTION

#### (Unjust Enrichment)

27.   WME repeats and realleges each of the allegations set forth in paragraphs 1 through 26, above, and the same are incorporated herein by this reference.

28.   Travel Channel has become indebted to WME for work, labor and services rendered by WME as MYE's talent agency, which negotiated the Production Agreement with Travel Channel for the hit television program, Ghost Adventures, which is currently in its seventh season.

29.   As a proximate result of the aforementioned acts and conduct, Travel Channel has been unjustly enriched to the detriment of WME in sum of no less than $500,000, plus interest at the legal rate.

### FOURTH CAUSE OF ACTION

#### (Accounting)

30.   WME repeats and realleges each of the allegations set forth in paragraphs 1 through 29, above, and the same are incorporated herein by this reference.

31.   WME is entitled to an accounting of the gross compensation received, and to be received, by Travel Channel and by MYE, in connection with Ghost Adventures directly or indirectly under the Production Agreement, but Travel Channel has failed to provide any such accounting.

32.   Demand is hereby made for such an accounting.

33.   An accounting is required to determine the total amount of Travel Channel and MYE's compensation and the exact amount of commissions that are due and owing to WME.

***FIFTH CAUSE OF ACTION***

***(Declaratory Relief)***

34. WME repeats and realleges each of the allegations set forth in paragraphs 1 through 33, above, and the same are incorporated herein by this reference.

35. An actual controversy has arisen and now exists between WME, on the one hand, and Travel Channel, on the other hand, regarding package commissions due in connection with the television series, Ghost Adventures, now in its seventh season on Travel Channel. WME contends and Travel Channel denies that Travel Channel is obligated to pay WME its standard package commission fee for seasons two through the life of the program, based on the following calculation: (1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3% of such production budget or cost of production payable out of 50% of 100% of net proceeds; and (3) 10% of the back-end proceeds based on MYE's most favorable definition, as was agreed-upon by and between WME and Travel Channel, and pursuant to which, Travel Channel partially performed.

36. WME desires a determination of its rights and a declaration that it is entitled to such commissions.

37. A declaration is necessary and appropriate at this time under all of the circumstances so that WME and Travel Channel may determine their current and prospective rights and liabilities with regard to the commissions.

***PRAYER FOR RELIEF***

WHEREFORE, WME prays for and requests relief as follows:

1. That WME be awarded the balance of the commissions due in an amount equal to: (1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3% of such production budget or cost of production payable out of 50% of 100% of net proceeds; and (3) 10% of the back-end proceeds based on MYE's most favorable definition, for each season of Ghost Adventures, commencing with season two and extending throughout the life of the program;

2.     An Order declaring that WME is entitled to commissions in an amount equal to:
(1) 3% of 100% of the final production budget or cost of production, whichever is greater; (2) 3%
of such production budget or cost of production payable out of 50% of 100% of net proceeds; and
(3) 10% of the back-end proceeds based on MYE's most favorable definition, for each season of
Ghost Adventures, commencing with season two and extending throughout the life of the
program;

3.     That WME be provided with a written accounting with respect to the
compensation received by Travel Channel and MYE, directly or indirectly, in connection with
Ghost Adventures;

4.     For pre-judgment interest;

5.     For the costs of action incurred herein; and

6.     For such other and further relief as the Court may deem just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff William Morris Endeavor Entertainment, LLC requests a trial by jury.

DATED:  May 24, 2013.                    **PERKINS COIE** LLP

By: _____
Michael B. Garfinkel

Attorneys for Plaintiff
WILLIAM MORRIS ENDEAVOR
ENTERTAINMENT, LLC

76715-0036/LEGAL26828957.1                    -9-                    FIRST AMENDED COMPLAINT

# EXHIBIT "A"

EXHIBIT "A"

Ex. B-48

**XXXX**
WILLIAM MORRIS AGENCY, LLC
TALENT AND LITERARY AGENCY

**SUSAN E. BROOKS**
SENIOR VICE PRESIDENT
WORLDWIDE HEAD OF TELEVISION BUSINESS AFFAIRS

April 29, 2008

Jonathan Sichel
Travel Channel
7700 Wisconsin Avenue
Bethesda, MD 20814

RE:     "Ghost Adventures" – MY ENTERTAINMENT

Dear Jonathan,

Per our conversation on April 29, 2008, this letter shall confirm the agreement between Travel Channel and William Morris Agency, LLC ("WMA") that the above-referenced project, including all derivative works, shall be a full WMA represented package.  We have agreed that the terms and conditions of such package shall be based on a formula of 3% of 100% of the final production budget or cost of production, whichever is greater, 3% of such production budget or cost of production payable out of 50% of 100% of net proceeds, and 10% of the back-end proceeds based on our clients' most favorable definition.  All other terms and conditions shall be negotiated in good faith.

Sincerely,

WILLIAM MORRIS AGENCY, LLC.

Susan Brooks

SEB/il

cc:   Jim Wiatt, Irv Weintraub, Mark Itkin, John Ferriter, Aaron Kaplan, Jason Hodes, Dave Leffin, Lawrence Thomspson, Legal Files

NEW YORK BEVERLY HILLS LONDON NASHVILLE MIAMI BEACH SHANGHAI
ONE WILLIAM MORRIS PLACE • BEVERLY HILLS • CALIFORNIA 90212
PHONE 310 859 4164 • FAX 310 859 4316

# EXHIBIT "B"

EXHIBIT "B"



**WILLIAM MORRIS AGENCY, LLC**
TALENT AND LITERARY AGENCY

SUSAN E. BROOKS
SENIOR VICE PRESIDENT
WORLDWIDE HEAD OF TELEVISION BUSINESS AFFAIRS

June 5, 2008

Rex W. Rooka
Vice President, Business Affairs & Partnerships
Travel Channel Media
5425 Wisconsin Ave, Suite 500
Chevy Chase, MD 20815

RE:    "Ghost Adventures" – MY ENTERTAINMENT

Dear Rex,

I am writing in response to your email to me of May 15, 2008 regarding the above-referenced project. Please be advised that the letter I sent to Jon Sichel on April 29, 2008 is William Morris Agency, LLC's ("WMA") standard package confirmation letter outlining WMA's standard package commission structure for all projects of this nature, irrespective of the studio or network. While I appreciate your negotiation and agreement with Jason Hodes, he does not discuss agency package commissions so any reliance upon any representations made by Mr. Hodes in connection with WMA's package on this or any other project which in any way conflicts with the aforementioned letter is misplaced. All WMA packages are handled through the television business affairs department, of which I am and have been the head for several years. I can therefore assure you that my April 29 letter to Mr. Sichel is an accurate reflection of the package commission structure to which we agreed. Moreover, Chris Newman and I met with Mr. Sichel earlier this year and discussed with him WMA's standard package commission structure and both Chris Newman and myself walked away from that meeting believing that Mr. Sichel, on behalf of Travel Channel, both understood and accepted WMA's package structure generally, and specifically, that the above-referenced project would be a full WMA package based thereon. Accordingly, this package is reconfirmed pursuant to the terms and conditions of said letter.

Sincerely,

WILLIAM MORRIS AGENCY, LLC.

Susan Brooks

SEB/llt

cc:    Jim Wiatt, Irv Weintraub, Mark Itkin, John Ferriter, Aaron Kaplan, Jason Hodes, Dave Leffin, Lawrence Thompson, Legal Files

NEW YORK BEVERLY HILLS LONDON NASHVILLE MIAMI BEACH SHANGHAI

ONE WILLIAM MORRIS PLACE · BEVERLY HILLS · CALIFORNIA 90212
PHONE 310 859 4184 · FAX 310 859 4316

Ex. B-51

# Conformed SUMMONS
## (CITATION JUDICIAL)

SUM-100

NOTICE TO DEFENDANT: <u>Scripps Networks Interactive,</u>
(*AVISO AL DEMANDADO*): <u>Inc., an Ohio corporation</u> and
DOES 1-50, INCLUSIVE

FOR COURT USE ONLY
(*SOLO PARA USO DE LA CORTE*)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 24 2013

John A. Clarke, Executive Officer/Clerk
By: Andre Williams, Deputy

YOU ARE BEING SUED BY PLAINTIFF: William Morris Endeavor
(*LO ESTÁ DEMANDANDO EL DEMANDANTE*): Entertainment, LLC,
a Delaware limited liability company,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br>(*El nombre y dirección de la corte es*): <br>Superior Court of California <br>1725 Main Street <br>Santa Monica, CA  90401 | CASE NUMBER: <br>(*Número del Caso*): <br>SC120710 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es*):
Michael B. Garfinkel (156010)     (310) 788-9900   (310) 788-3399
Perkins Coie LLP
1888 Century Park East
Los Angeles, CA  90067

A. WILLIAMS

DATE:   MAY 24 2013                     Clerk, by _____, Deputy
(*Fecha*)                                        (*Secretario*)                      (*Adjunto*)

(*For proof of service of this summons, use Proof of Service of Summons (form POS-010).*)
(*Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)*).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (*specify*):
3. ☑ on behalf of (*specify*): SCRIPPS NETWORKS INTERACTIVE, INC. AN OHIO CORPORATION

   under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (*specify*):
4. ☐ by personal delivery on (*date*):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV13- 4229 JAK (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✗] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.