**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04229 JAK (SSx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | William Morris Endeavor Entertainment, LLC v. Scripps Networks Interactive, Inc., et al. | | |

Present: The Honorable     JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:          (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT   JS-6

1.  Introduction

On May 13, 2013, Plaintiff, William Morris Endeavor Entertainment, LLC, filed an action for breach of contract in the Los Angeles County Superior Court in which Scripps Networks Interactive, Inc. ("Scripps"), and DOES 1-50 were named as defendants (the "Defendants"). Notice of Removal, Exh. A, Dkt. 1. Plaintiff alleges that it entered into a contract with Travel Channel International Limited ("Travel Channel") pursuant to which Travel Channel agreed to pay Plaintiff a "package commission" in connection with Travel Channel's production agreement with Plaintiff's client, MY Tupelo Entertainment. Id. at ¶¶ 8-15. Plaintiff alleges that Scripps was a proper defendant because it had acquired Travel Channel. *Id.* at ¶ 2.

On June 12, 2013, Defendants removed this action, asserting diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1. On July 24, 2013, Plaintiff filed a Second Amended Complaint in which it named Travel Channel as an additional defendant. Dkt. 15. On September 9, 2013, the Court issued an Order to Show Cause regarding whether the Court has subject matter jurisdiction in this action. Dkt. 25. Defendants responded on September 16, 2013 (Dkt. 26); Plaintiff responded on September 16, 2013. Dkt. 27. Defendants filed an additional response on September 17, 2013 (Dkt. 29); Plaintiff filed an additional response on September 18, 2013. Dkt. 30. For the reasons stated in this order, the Court REMANDS the case to the Superior Court at its Santa Monica Courthouse: Case No. SC120710.

2.  Lack of Subject Matter Jurisdiction

As this is a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04229 JAK (SSx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | William Morris Endeavor Entertainment, LLC v. Scripps Networks Interactive, Inc., et al. | | |

each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). The requirement of complete diversity applies to defendants joined after an action has been removed. *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) ("[O]nce the non-diverse defendants were joined remand became mandatory."); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("If diversity were the only basis for the court's subject matter jurisdiction, joinder of the non-diverse [parties] would have divested the court of jurisdiction.").

For purposes of diversity jurisdiction, a limited liability corporation is deemed to be a citizen of each state of which any of its members is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). Defendants contend that Scripps is a citizen of Ohio and Tennessee, and that Travel Channel is a citizen of Ohio, Tennessee, Delaware and Georgia. Dkt. 26, p. 2. Defendants contend that their research demonstrated that Plaintiff is a citizen of California and New York. Dkt. 26, p. 3. Plaintiff contends that it is a citizen of Tennessee, among other states. Dkt. 30, p. 2. Specifically, Plaintiff, which is an LLC, contends that, because one of its members, Greg Oswald, is a citizen of Tennessee, it is also a citizen of that state. Dkts. 28, 30. Plaintiff submits a declaration from Oswald in which he states that he is a member of William Morris Endeavor Entertainment, LLC, that he has continuously resided in Tennessee since 1989, and that he owns a home, pays state taxes and holds a state driver's license in Tennessee. Dkt. 30-1, p. 2. Because Plaintiff and Defendants are citizens of Tennessee, Defendants have not satisfied their burden of establishing complete diversity between the parties.

Defendants argue that "Plaintiff's contention that diversity is lacking is belied by Plaintiff's representations to the Court," including Plaintiff's agreement to the filing of a Joint Rule 16(b) Report (Dkt. 24) which states that there is diversity jurisdiction, and Plaintiff's representation to Defendants that it would not seek remand. Dkt. 29, p. 3-4. However, remand is mandatory if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."); *Wood v. Home Ins. Co.*, 305 F. Supp. 937, 938 (C.D. Cal., 1969) ("It is the obligation of the Court, sua sponte, to remand a case to the state court where it appears that the Court lacks jurisdiction of the subject matter of the action."). Accordingly, the Court REMANDS the case.

3.   Sanctions

Defendants contend that the Court "should retain jurisdiction on the issue of sanctions for the waste of resources resulting from [Plaintiff's] delayed disclosure" of its Tennessee citizenship. Dkt. 29, p. 6. "[A] district court can award fees under Rule 11 even without subject matter jurisdiction over the underlying action." *In re Knight*, 207 F.3d 1115, 1117 n.2 (9th Cir. 2000); *Montrose Chemical Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128 (9th Cir. 1997). Because no motion for sanctions has been filed, the issue is not ripe. Based upon the parties' filings, it appears that the absence of diversity could have

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04229 JAK (SSx) | | Date | September 19, 2013 |
|---|---|---|---|---|
| Title | William Morris Endeavor Entertainment, LLC v. Scripps Networks Interactive, Inc., et al. | | | |

been raised sooner, and that the delay may have caused Defendants to incur certain expenses that may otherwise have been unnecessary. However, as noted, whether these circumstances would warrant sanctions is not an issue that has been briefed or presented for adjudication. Moreover, before any motion is filed in which sanctions are requested, counsel shall, pursuant to Local Rule 7-3, meet and confer to seek an informal resolution of any dispute. Among the matters that should be discussed are Plaintiff's willingness to have the parties submit the same substantive briefs to the Superior Court should Defendants elect to pursue a demurrer on the same grounds advanced in their motion to dismiss filed in this action. Dkt. 30, p. 4. An informal resolution may reduce the cost of that specific proceeding, and may also provide the basis for continued cooperation among counsel in later proceedings before the Superior Court in ways that will reduce the costs for all parties in that case.

**IT IS SO ORDERED.**

_____     :  _____

Initials of Preparer    ak